**APPEAL, MEANSU, DebtEd, DeBN, DISMISSED, WDREF**

# U.S. Bankruptcy Court
# California Northern Bankruptcy Court (San Francisco)
# Bankruptcy Petition #: 26−30507

*Assigned to:* Judge William J. Lafferty
Chapter 7
Voluntary
No asset

*Date filed:* 06/08/2026
*Debtor dismissed:* 06/23/2026
*341 meeting:* 08/04/2026
*Deadline for objecting to discharge:* 09/08/2026
*Deadline for financial mgmt. course:* 07/23/2026

***Debtor***
**Nadja Yang**
200 E Liberty St.
Lbby Unit 7760
Ann Arbor, MI 48107
WASHTENAW−MI
SSN / ITIN: xxx−xx−2349
***aka* Alexis Yang**
***dba* Lilith**
***aka* Chenhui Zhu**

represented by **Nadja Yang**
PRO SE

***Trustee***
**Marlene G. Weinstein**
1511 Sycamore Ave. #M−259
Hercules, CA 94547
(925) 482−8982

***U.S. Trustee***
**Office of the U.S. Trustee / SF**
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415)705−3333

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 07/08/2026 | | 35 | Debtor's Motion for an Injunction Pending Appeal Restoring the Protections of the Automatic Stay as to The Regents of the University of Michigan Filed by Debtor Nadja Yang (jmb) (Entered: 07/08/2026) |
| 07/08/2026 | | 36 | Declaration of Nadja Yang in Support of Debtor's Motion for an Injunction Pending Appeal (RE: related document(s)35 Motion Miscellaneous Relief). Filed by Debtor Nadja Yang (jmb) (Entered: 07/08/2026) |
| 07/08/2026 | | 37 | Notice of Motion and Opportunity for Hearing (RE: related document(s)35 Debtor's Motion for an Injunction Pending Appeal Restoring the Protections of the Automatic Stay as to The Regents of the University of Michigan Filed by Debtor Nadja Yang (jmb)). Filed by Debtor Nadja Yang (jmb) (Entered: 07/08/2026) |
| 08/13/2026 | | 51 | |

| | | | |
|---|---|---|---|
| | | | Appellant Designation of Items to be Included in the Record On Appeal (RE: related document(s)29 Notice of Appeal and Statement of Election filed by Debtor Nadja Yang). Appellee designation due by 8/31/2026. Filed by Debtor Nadja Yang (ro) (Entered: 08/13/2026) |
| 08/13/2026 | | 52 | Appellant's Statement of the Issues to be Presented on Appeal, (RE: related document(s)29 Notice of Appeal and Statement of Election filed by Debtor Nadja Yang). Filed by Debtor Nadja Yang (ro) (Entered: 08/13/2026) |
| 08/13/2026 | | 53 | Certificate that No Transcript will be Ordered (RE: related document(s)29 Notice of Appeal and Statement of Election filed by Debtor Nadja Yang). Filed by Debtor Nadja Yang (ro) (Entered: 08/13/2026) |

NADJA YANG
115 Broadway, Fl 5
New York, NY 10006
(332) 203-3124
nadja@njy.dev
Debtor and Movant *pro se*

FILED
JUL 08 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 26-30507 WJL<br>Chapter 7<br>Hon. William J. Lafferty III |
| NADJA YANG,<br>*Movant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Respondent.* | **DEBTOR'S MOTION FOR AN INJUNCTION PENDING APPEAL RESTORING THE PROTECTIONS OF THE AUTOMATIC STAY AS TO THE REGENTS OF THE UNIVERSITY OF MICHIGAN**<br>Fed. R. Bankr. P. 8007(a)(1)(C) |

Debtor Nadja Yang moves under Federal Rule of Bankruptcy Procedure 8007(a)(1)(C) for an order restoring the protections of 11 U.S.C. § 362(a) as to the Regents of the University of Michigan only, effective through disposition of the Debtor's pending Motion to Alter or Amend (Dkt. 28) and, if that motion is denied, through final disposition of the Debtor's appeal (Dkt. 29), including any remand. Rule 8007(a)(1)(C) authorizes this Court to enter, on a motion made "first in the

bankruptcy court," an "order suspending, modifying, restoring, or granting an injunction while an appeal is pending." The motion may be filed "either before or after the notice of appeal is filed." Fed. R. Bankr. P. 8007(a)(2). Because the Debtor's notice of appeal takes effect only upon disposition of the Rule 59(e) motion, Fed. R. Bankr. P. 8002(b)(2), this Court is presently the only forum in which interim relief may be sought, while the registration deadlines fixed by the University's academic calendar continue to run.

Two things this Motion does *not* seek. *First*, it does not seek a stay of the Order Dismissing Case for Improper Venue (Dkt. 24). To avoid any doubt, the Debtor withdraws the alternative request in the Motion to Alter or Amend (Dkt. 28), Part IV(f), insofar as it sought a stay of the effect of the Dismissal Order pending appeal. The Debtor does not ask that the case be revived or administered while the appeal proceeds; the Dismissal Order should remain in effect pending appellate review. The narrower relief better serves review. Interim relief pending appeal exists to preserve the reviewing court's capacity to decide: a stay "does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken v. Holder*, 556 U.S. 418, 421 (2009). A stay of the Dismissal Order would instead resume administration of the case, and because venue is not jurisdictional, *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939), each intervening step would be valid whatever the appellate court later concluded, progressively narrowing the relief that court could grant. The injunction sought here preserves the subject of the appeal while leaving the order under review undisturbed. *Second*, this Motion does not seek adjudication of any merits question presented by the Debtor's pending sanctions motion (Dkt. 11), including whether any conduct violated 11 U.S.C. § 362(a) or § 525(a). Those questions remain for another day and, if the reference is withdrawn, another court. The proposed order so provides on its face.

**I. Standard.**

The familiar four factors govern: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). In this Circuit, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). These formulations govern stays and injunctions pending appeal with equal force: the movant need not show that success is "more likely than not," only "a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011).

**II. The Appeal Presents Serious Questions.**

The Debtor incorporates by reference the Motion to Alter or Amend (Dkt. 28) and the Statement of Issues (Dkt. 29). Three clusters of questions are before the appellate court, and each is serious by any measure.

*Procedure.* The case was dismissed sua sponte, without notice, without a hearing, and without any party having challenged venue. Rule 1014(a)(1) permits dismissal or transfer "only after a hearing on notice to the petitioner, United States trustee, and other entities as the court orders," and Rule 1014(a)(2) applies to improperly venued cases "on the same grounds and under the same procedures as stated in (1)." The Ninth Circuit Bankruptcy Appellate Panel holds that "the concept of procedural due process requires a notice and an opportunity to be heard," and that a "dismissal without notice and an opportunity to be heard would not be appropriate where substantive issues are to be determined." *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870 (9th Cir. BAP 2004). See Dkt. 28, Part III.

*Substance.* The Order read the disjunctive four-prong venue provision of 28 U.S.C. § 1408(1) as requiring residence, and resolved the situs of the Debtor's bank deposits — a question of law on which the Ninth Circuit BAP mandates a context-specific, functional analysis, *Montana v. Blixseth (In re Blixseth)*, 484 B.R. 360, 367 (9th Cir. BAP 2012) — in a footnote, without briefing. See Dkt. 28, Parts I–II. *Accord In re Multi-Color Corp.*, No. 26-10910 (MBK), ECF 458, at 12–13 (Bankr. D.N.J. Mar. 16, 2026) (citing *Blixseth*; declining to adopt the "rigid rule" that bank accounts "follow the domicile of the owner"; and locating deposit accounts where "[t]he account was opened," "[t]he depository branch maintains the account," or "[t]he funds are subject to withdrawal and control"); *id.* at 4–5 ("Section 1408 remains broad by congressional design. That breadth is not a defect; it is a policy choice."); *id.* at 28 (sustaining venue although "no party can deny" the accounts "were opened so that [the debtor] could file in this district").

*Remedy.* Even if venue were improper, Rule 1014(a)(2) presented a choice: the court "may dismiss the case or may transfer it to another district" in the interest of justice or for the convenience of the parties. The two remedies are not equivalent for a good-faith individual filer. Transfer preserves the case and, with it, the automatic stay. Dismissal extinguishes the stay by operation of law, 11 U.S.C. § 362(c)(2)(B), and consigns any refiled case to a stay that "terminate[s] with respect to the debtor on the 30th day," 11 U.S.C. § 362(c)(3)(A) — a termination this Circuit's Bankruptcy Appellate Panel reads as total, reaching the debtor, the debtor's property, and property of the estate alike. *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 366 (9th Cir. BAP 2011); *accord Smith v. Maine Bureau of Revenue Services (In re Smith)*, 910 F.3d 576, 578 (1st Cir. 2018) ("terminates the entire stay"); *but see Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 230 (5th Cir. 2019) (terminates the stay "only with respect to the debtor"). The disagreement is immaterial here: the protection a registration hold implicates — the bar on any act to collect a pre-petition claim from the debtor, 11 U.S.C. § 362(a)(6) — ends

on day thirty under every reading. Whether dismissal, rather than transfer, was the sound exercise of the Rule's discretion in these circumstances is itself fairly encompassed within the appeal. Dkt. 29, Statement of Issues (6), (8). The Debtor maintains that venue is proper and objects to any transfer of a properly venued case under Rule 1014(a)(1). Her objection does not extend to transfer under Rule 1014(a)(2) once a determination that venue is improper has become final and no longer subject to further review; the Debtor does not consent to transfer while that question remains under review or subject to it. The point here is narrower: under either lawful disposition — retention if venue was proper, transfer if it was not — the automatic stay would have continued without interruption. Only the disposition now under review extinguished it.

## III. Irreparable Injury Is Probable Absent Relief.

The movant must show that "irreparable harm is probable" absent relief. *Leiva-Perez*, 640 F.3d at 968. The University's student information system, as of July 7, 2026, displays two registration holds against the Debtor, imposed February 19 and May 14, 2026, the second in the amount of $18,361.58 — the pre-petition receivable — each bearing the system's own impact description: "Initial Enrl Block-add/drop ok." Yang Decl. ¶ 2 & Ex. 2. Fall 2026 registration has been open to other undergraduate students since March 30, 2026; the Debtor has been unable to register. Yang Decl. ¶ 3. The University's own calendar sets the boundaries: August 30, 2026 is the last day to process initial registration without a late fee; classes begin August 31; web registration for full-term classes closes September 21. Yang Decl. ¶ 3 & Ex. 1. A semester lost while the appeal pends cannot be restored by any judgment. If the appellate court later vacates the dismissal on any of the grounds presented, protection restored after the term has passed is protection denied.

Payment is not an adequate escape. Absent relief, a movant in the Debtor's position is put to a choice among injuries — satisfy the disputed pre-petition

claim as the price of registration, the very coercion § 362(a)(6) suspends; forgo the term; or surrender the appeal — and the first is no less irreparable than the others. The Code's central promise is "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934). That promise, the Court explained, "would be of little value . . . if [s]he were obliged to face the necessity of devoting . . . h[er] earnings . . . to the payment of indebtedness incurred prior to h[er] bankruptcy." *Id.* at 244–45. Chapter 7 implements it as a deliberate snapshot: the debtor surrenders "the property which [s]he owns *at the time of bankruptcy*," *id.* at 244 (emphasis in original), while "earnings from services performed by an individual debtor after the commencement of the case" are excluded from the estate, 11 U.S.C. § 541(a)(6), and reserved for the fresh start. Exacting $18,361.58 in pre-petition debt from post-petition resources inverts that design, and the sum would substantially deplete the resources available to the Debtor. Yang Decl. ¶ 5. Whether she could marshal it is beside the point — the injury lies in the exaction, which the snapshot forbids. And the loss would not be reliably recoverable: an action to recoup the payment would meet the Regents' anticipated invocation of sovereign immunity, and economic harm, though "not normally considered irreparable," becomes so where the movant "will not be able to recover monetary damages." *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018).

The third course fares no better: surrendering the appeal to commence a new case elsewhere would place the venue rulings beyond effective review, sacrifice the June 8, 2026 petition date, and — because a prior case "was pending within the preceding 1-year period but was dismissed," 11 U.S.C. § 362(c)(3) — exchange the stay Congress provided for the degraded protection of § 362(c)(3)(A): under any reading, none for the debtor herself after day thirty absent a timely extension motion, and under *Reswick*, none at all. Congress designed that provision for abusive serial filers, *see Reswick*, 446 B.R. at 371; interim relief exists so

that a good-faith appellant need not purchase continued protection at the price of the appeal itself. Preserving the status quo against pressure of that kind is the ordinary office of Rule 8007(a)(1)(C).

The status quo ante is concrete and modest — and invoking it concedes nothing. As alleged in the pending sanctions motion, the Debtor gave written notice of the filing, with the case number, to the University's Vice President and General Counsel on June 9, 2026, Dkt. 13, ¶ 9 & Ex. A; the next day, staff of that office — who acknowledged having already looked the case up — insisted on "actual evidence" from the court before the University would act, though "a party with knowledge of bankruptcy proceedings is charged with knowledge of the automatic stay," *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003), and though an "institutional policy of disregarding a bankruptcy notice from an 'unauthorized' third party is contrary to the law" — "[n]otice of a bankruptcy filing need not be formal" — *Rushmore Loan Mgmt. Servs., LLC v. Moon (In re Moon)*, BAP Nos. NV-20-1057-BGTa, NV-20-1070-BGTa, slip op. at 20 (9th Cir. BAP Jan. 7, 2021) (unpublished; Fed. R. App. P. 32.1; 9th Cir. BAP R. 8024-1), *aff'g in relevant part In re Moon*, 613 B.R. 317, 348 n.49 (Bankr. D. Nev. 2020) ("limiting the sources of knowledge of a bankruptcy is as foolish as it is perilous"); no office the Debtor reached could identify or produce a written policy on stay compliance, though the creditor "has the burden both to establish administrative safeguards to prevent stay violations and to restore the status quo by undoing them," *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 14 (9th Cir. BAP 2002); *see also Dyer*, 322 F.3d at 1192 ("affirmative duty to remedy" stay violations); and enrollment was conditioned on pre-payment solely because of the bankruptcy filing. A "willful violation" requires no "specific intent to violate the automatic stay" — only "that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989); *accord Dyer*, 322 F.3d

at 1191. The pending motion alleges the conduct described above as a willful violation of 11 U.S.C. § 362(a)(6) and a violation of § 525(a). See Dkt. 11–13. It was against that posture, and only after successive same-day calls to three University offices, that Accounting Senior Manager Sean Fritz of Student Financial Services stated in writing, on June 10, 2026, while the stay was in force: "Given that filing, we will allow you to register,; [sic] however, we will require pre-payment for the term." Dkt. 13, ¶ 13 & Ex. B. The Debtor invokes that statement not as compliance — whether the pre-payment condition itself violated § 525(a) is among the questions Dkt. 11 presents and this Motion reserves — but as the floor the University itself identified. The Debtor asks, at a minimum, that this floor be restored as a matter of court order rather than revocable grace: registration not conditioned on pre-petition debt, current-term charges payable in advance if the University so requires, under protest and with full reservation of rights. Yang Decl. ¶ 4.

**IV. The Balance of Hardships Tips Sharply; the Public Interest Concurs.**

Under the proposed order, the Regents may collect each covered term's charges in advance — on the very terms Mr. Fritz proposed — and retain their claim to the pre-petition receivable in full, unadjudicated and undiminished. What they lose, temporarily, is the use of a registration hold as collection leverage while an Article III court reviews whether the order that unleashed that leverage was lawfully entered. The Debtor, absent relief, faces either the coerced satisfaction of a disputed pre-petition claim from her post-petition resources or the loss of the semester, the original petition date, or the very subject of her appeal — injuries no later judgment reliably restores. That balance does not merely tip; it tips sharply. *Cottrell*, 632 F.3d at 1131–32. The public interest lies in appellate review that is not evaded by the calendar, and in bankruptcy protections that mean what they say while their extinguishment is under review.

**V. Scope and Conditions.**

The proposed order is self-limiting: it restores stay protections as to one creditor; it directs the Regents to take reasonable steps to facilitate and effectuate the Debtor's registration and enrollment for terms within the order's duration, including enrollment overrides and related administrative accommodations; it provides that any current-term charges the Debtor pays — including any prepayment the Regents require on the terms they themselves proposed — are paid under protest and without prejudice, and it conditions none of the relief on payment; and it includes a standard non-retaliation term, binding the Regents and their officers, agents, and employees with actual notice, that restates duties existing however the Regents' immunity is ultimately resolved — the Debtor's court filings are petitioning activity at the First Amendment's core, and "state colleges and universities are not enclaves immune from the sweep of the First Amendment," *Healy v. James*, 408 U.S. 169, 180 (1972); an entity may stand outside the government for immunity purposes while remaining "part of the Government" for First Amendment purposes, *cf. Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374, 392, 400 (1995), *discussed in Galette v. New Jersey Transit Corp.*, 607 U.S. ___, slip op. at 22 (2026); and a governmental unit remains subject to § 525(a) in any event, 11 U.S.C. §§ 101(27), 525(a). The order adjudicates no merits question, leaves the Dismissal Order untouched, and permits any affected party to move to modify or vacate at any time.

## VI. Conclusion.

The Debtor respectfully requests that the Court enter the proposed order: (a) restoring the protections of 11 U.S.C. § 362(a) as to the Regents of the University of Michigan, effective through disposition of Dkt. 28 and, if denied, through final disposition of the appeal at Dkt. 29, including any remand; (b) providing that no registration hold or enrollment restriction based on any prepetition claim shall be maintained or enforced against the Debtor during that period; (c) directing the Regents to take reasonable steps to facilitate and effec-

tuate the Debtor's registration and enrollment for the Fall 2026 term and any subsequent term within the period of relief — including enrollment overrides, waiver of registration deadlines and late registration fees, and late or retroactive registration where an applicable deadline has passed — placing the Debtor, so far as practicable, in a position no less favorable than she would occupy had no such hold or restriction been imposed; (d) directing that the Regents and their officers, agents, and employees with actual notice not administratively penalize or retaliate against the Debtor in any process, determination, application, or benefit because of the Debtor's bankruptcy filing, litigation, or other petitioning activity; (e) providing that any payment of current-term charges by the Debtor, including any pre-payment the Regents require, is under protest and without prejudice, and that no relief is conditioned on payment; (f) providing that nothing in the order adjudicates the merits of Dkt. 11 or stays the Dismissal Order (Dkt. 24); and (g) granting such other and further relief as is just.

Dated: July 7, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Debtor and Movant *pro se*

NADJA YANG
115 Broadway, Fl 5
New York, NY 10006
(332) 203-3124
nadja@njy.dev
Debtor and Movant *pro se*

FILED
JUL 08 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 26-30507 WJL<br>Chapter 7<br>Hon. William J. Lafferty III |
| NADJA YANG,<br>*Movant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Respondent.* | **DECLARATION OF NADJA YANG IN SUPPORT OF DEBTOR'S MOTION FOR AN INJUNCTION PENDING APPEAL**<br>28 U.S.C. § 1746 |

I, Nadja Yang, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

**1.** I am the Debtor in this case and the Movant on the accompanying Motion. I make this declaration based on personal knowledge.

**2.** On July 7, 2026, I accessed the University of Michigan's student information system (Wolverine Access, Student Center, "Your Holds"). The page displays two holds against my record: (a) "Student Financial Collections," impact description

"Initial Enrl Block-add/drop ok," start date 02/19/2026, department "FinOps Student Bus Ops"; and (b) "Student Financial Hold," amount 18,361.58 USD, impact description "Initial Enrl Block-add/drop ok," start date 05/14/2026, department "FinOps Student Loan Collectns." A true and correct reproduction of the page is attached as Exhibit 2. I remain unable to register for the Fall 2026 term.

**3.** According to the University's Office of the Registrar academic calendar for Fall 2026, registration by appointment for undergraduate programs opened March 30, 2026; August 30, 2026 is the last day to process initial registration without a late registration fee; classes begin August 31, 2026, when assessment of the late registration fee begins; and September 21, 2026 is the last day to access web registration for full-term classes. A true and correct reproduction of the relevant calendar entries is attached as Exhibit 1. I have been unable to register since registration opened.

**4.** If the protections sought in the Motion are restored, I am prepared to pay the required Fall 2026 term charges in advance of registration, including any prepayment condition the University imposes on the terms stated in its June 10, 2026 email (Dkt. 13, Ex. B), under protest and with full reservation of all rights and positions.

**5.** Payment of the $18,361.58 pre-petition balance as a condition of registration would substantially deplete the resources available to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 7, 2026.

/s/ Nadja Yang
NADJA YANG

**EXHIBIT 1**

Excerpt, University of Michigan Office of the Registrar, Academic Calendars — Fall 2026 (Registration Deadlines), ro.umich.edu/calendars?term=136&type%5B107%5D=107&type%5B108%5D=108&keys= (last visited July 7, 2026). Tabular formatting reflowed; entries reproduced verbatim.

**Wednesday, March 18** — Backpack opens
**Monday, March 30 – Friday, April 10** — Registration by appointment for undergraduate programs
**Sunday, Aug. 30** — Last day to disenroll for fall term; Last day to process initial registration without late registration fee
**Monday, Aug. 31** — Classes begin fall term; Begin assessment of late registration fee for initial fall term registration
**Monday, Sept. 21** — Last day to access web registration for full term classes; Drop/add deadline for full term classes

**EXHIBIT 2**

Reproduction, University of Michigan Wolverine Access, Student Center, "Your Holds," accessed July 7, 2026. Tabular formatting reflowed; entries reproduced verbatim.

**Your Holds** — "For more information on your hold, please click the link in the Hold Item column."
**Hold Item:** Student Financial Collections
**Amount:** — **Currency Code:** USD
**Impact Description:** Initial Enrl Block-add/drop ok
**Institution:** University of Michigan
**Start Date:** 02/19/2026 **End Date:** —
**Department:** FinOps Student Bus Ops
**Hold Item:** Student Financial Hold
**Amount:** 18,361.58 **Currency Code:** USD
**Impact Description:** Initial Enrl Block-add/drop ok
**Institution:** University of Michigan
**Start Date:** 05/14/2026 **End Date:** —
**Department:** FinOps Student Loan Collectns

NADJA YANG
115 Broadway, Fl 5
New York, NY 10006
(332) 203-3124
nadja@njy.dev
Debtor and Movant *pro se*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 26-30507 WJL<br>Chapter 7<br>Hon. William J. Lafferty III |
| NADJA YANG,<br>*Movant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Respondent.* | **[PROPOSED] ORDER GRANTING DEBTOR'S MOTION FOR AN INJUNCTION PENDING APPEAL**<br>Fed. R. Bankr. P. 8007(a)(1)(C) |

Upon the Debtor's Motion for an Injunction Pending Appeal (the "Motion") and the Declaration of Nadja Yang filed herewith, and good cause appearing, IT IS ORDERED:

**1. Restoration.** Effective immediately and continuing through disposition of the Debtor's Motion to Alter or Amend (Dkt. 28) and, if that motion is denied, through final disposition of the Debtor's appeal (Dkt. 29), including any remand, the

protections of 11 U.S.C. § 362(a) are restored as to the Regents of the University of Michigan (the "Regents").

**2. Registration.** During the period stated in paragraph 1, the Regents shall not maintain or enforce any registration hold or enrollment restriction against the Debtor that is based on any pre-petition claim, and shall take reasonable steps to facilitate and effectuate the Debtor's registration for and enrollment in the Fall 2026 term and any subsequent academic term for which registration or enrollment occurs, in whole or in part, during the period stated in paragraph 1 — including enrollment overrides; waiver or excusal of registration deadlines and late registration fees; and, where an applicable deadline has passed, late or retroactive registration and similar administrative accommodations — so that the Debtor is placed, so far as practicable, in a position no less favorable than she would occupy had no such hold or restriction been imposed.

**3. Non-Retaliation.** This Order binds the Regents and their officers, agents, and employees who receive actual notice of it by personal service or otherwise. During the period stated in paragraph 1, neither the Regents nor any such person shall deny, delay, condition, or otherwise administratively penalize the Debtor in any process, determination, application, or benefit — including, without limitation, registration, enrollment, billing, records, or any classification — in retaliation for, or otherwise because of, the Debtor's bankruptcy filing, this or any related litigation or appeal, or other petitioning activity. The prohibitions of this paragraph are stated with specificity, and their contours are sufficiently clear, that every reasonable officer, agent, or employee would understand that the conduct described violates this Order and the rights it protects; receipt of actual notice of this Order constitutes fair warning placing the unlawfulness of that conduct beyond debate. Nothing in this paragraph limits any determination made on lawful, non-retaliatory grounds uniformly applied.

**4. Payment Under Protest.** Nothing in this Order requires the Debtor to make any payment, and none of the relief granted in paragraphs 1 through 3 is conditioned on payment. If the Regents require pre-payment of current-term charges for any term covered by paragraph 2, consistent with the June 10, 2026 statement reproduced at Dkt. 13, Ex. B, payment under protest satisfies that requirement. Any payment of such charges by the Debtor, whenever made, is made under protest and is without prejudice to any party's position in any proceeding.

**5. No Adjudication.** Nothing in this Order adjudicates the merits of the Debtor's pending Motion for Sanctions (Dkt. 11) or any question arising under 11 U.S.C. § 362(k) or § 525(a), and nothing in this Order stays, vacates, or modifies the Order Dismissing Case for Improper Venue (Dkt. 24), which remains in effect.

**6. Modification.** Any affected party may move to modify or vacate this Order at any time on notice.

**7. Jurisdiction.** The Court retains jurisdiction to interpret and enforce this Order.

Dated: _______________ ____________________________________

The Honorable William J. Lafferty III
United States Bankruptcy Judge

NADJA YANG
115 Broadway, Fl 5
New York, NY 10006
(332) 203-3124
nadja@njy.dev
Debtor and Movant *pro se*

FILED
JUL 08 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 26-30507 WJL<br>Chapter 7<br>Hon. William J. Lafferty III |
| NADJA YANG,<br>*Movant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Respondent.* | **NOTICE OF MOTION AND OPPORTUNITY FOR HEARING**<br>BLR 9014-1(b)(3) |

TO THE REGENTS OF THE UNIVERSITY OF MICHIGAN AND THEIR OFFICE OF THE GENERAL COUNSEL:

PLEASE TAKE NOTICE that on July 8, 2026, the Debtor filed the foregoing Motion for an Injunction Pending Appeal under Fed. R. Bankr. P. 8007(a)(1)(C), with a supporting Declaration and [Proposed] Order. This Notice and the accom-

panying papers are served by first-class United States mail pursuant to Fed. R. Bankr. P. 9014(b) and 7004(b)(3). Pursuant to BLR 9014-1(b)(3):

> Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;
> Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;
> If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.
> In the event of a timely objection or request for hearing, the tentative hearing date, location, and time are **Wednesday, August 12, 2026**, at 10:30 a.m., Courtroom 220, 1300 Clay Street, Oakland, California 94612.

Pursuant to Judge Lafferty's Procedures for Noticing and Conducting Hearings (effective September 1, 2023): any hearing on this matter will be held in person, but parties may attend by Zoom Webinar or AT&T Teleconference. Additional information is available on Judge Lafferty's Procedures page on the Court's website at https://www.canb.uscourts.gov. Information on how to attend the hearing by Zoom Webinar or AT&T Teleconference will be included with each calendar posted under Judge Lafferty's Calendar on the Court's website.

Dated: July 7, 2026

/s/ Nadja Yang
NADJA YANG, Debtor and Movant *pro se*

NADJA YANG
200 E LIBERTY ST LBBY UNIT 7760
ANN ARBOR MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Debtor and Appellant *pro se*

FILED
AUG 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

In re:

NADJA YANG,

*Debtor.*

NADJA YANG,

*Appellant,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Appellee.*

Case No. 26-30507 WJL

Chapter 7

Appeal No. 3:26-cv-07259-WHO

The Honorable William J. Lafferty III

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Fed. R. Bankr. P. 8009(a)(1)(A)

Appellant Nadja Yang, the debtor, designates the following items for inclusion in the record on appeal from the Order Dismissing Case for Improper Venue (Dkt. 24), entered June 24, 2026, and the Order Denying Motion to Alter or Amend Order Dismissing Case (Dkt. 42), entered July 13, 2026. The appeal is docketed in the United States District Court for the Northern District of California as No. 3:26-cv-07259-WHO.



CLAUDE FABLE 5
by Anthropic, PBC

Part 2A of the Notice of Appeal and Statement of Election, dated June 25, 2026 and filed June 29, 2026 (Dkt. 29), set out a designation of the record, a statement of eight issues, and the statement that "[n]o transcript is required; no oral proceedings were held," citing Fed. R. Bankr. P. 8009(b)(1)(B). It provided that the designation, "if premature, shall be treated as served on the first day on which filing is timely," citing Fed. R. Bankr. P. 8009(a)(1)(B); the rule so provides. Fed. R. Bankr. P. 8009(a)(1) ("Premature service is treated as service on the first day on which filing is timely."). The Notice was docketed as a single entry. The Clerk's Notice of Failure to Perfect Appeal (Dkt. 49), entered August 6, 2026, states that the documents have not been filed. A document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## I. Items Designated

| | |
|---|---|
| Dkt. 1 | Chapter 7 Voluntary Petition for Individuals, with all attachments, filed June 8, 2026 |
| Dkt. 5 | Creditor Matrix, filed June 8, 2026 |
| Dkt. 7 | Motion to Redact Previously Filed Document, filed June 8, 2026 |
| Dkt. 8 | Order Denying Motion to Redact, entered June 12, 2026 |
| Dkt. 10 | Renewed Ex Parte Motion for Protective Order and a Proposed Order, filed June 15, 2026 |
| Dkt. 11 | Debtor's Motion For Sanctions for Willful Violation of the Automatic Stay, filed June 15, 2026 |
| Dkt. 12 | Memorandum of Points and Authorities in Support of Debtor's Motion For Sanctions for Willful Violation of the Automatic Stay, filed June 15, 2026 |



CLAUDE FABLE 5 by Anthropic, PBC

| | |
|---|---|
| Dkt. 13 | Declaration of Nadja Yang in Support of Motion for Sanctions for Willful Violation of the Automatic Stay, with Exhibits A through C, filed June 15, 2026 |
| Dkt. 14 | Notice of Motion and Opportunity for Hearing, filed June 15, 2026 |
| Dkt. 16 | Order to File Required Documents and Notice of Automatic Dismissal, entered June 18, 2026 |
| Dkt. 17 | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines, entered June 18, 2026 |
| Dkt. 20 | Debtor's Motion for Extension of Time to File Schedules and Statements, filed June 22, 2026 |
| Dkt. 21 | Declaration of Nadja Yang in Support of Motion for Extension of Time, filed June 22, 2026 |
| Dkt. 22 | Notice of Errata, filed June 22, 2026 |
| Dkt. 23 | Supplemental Declaration of Nadja Yang in Support of Notice of Errata, filed June 22, 2026 |
| Dkt. 24 | Order Dismissing Case for Improper Venue, signed June 23, 2026 and entered June 24, 2026, with the clerk's Notice of Dismissal of Case dated June 24, 2026 |
| — | Chapter 7 Trustee's Report of No Distribution, entered on the docket June 24, 2026 |
| Dkt. 28 | Debtor's Motion to Alter or Amend Order Dismissing Case for Improper Venue, filed June 29, 2026 |
| Dkt. 29 | Notice of Appeal and Statement of Election, filed June 29, 2026 |
| Dkt. 30 | Certificate of Service, filed July 2, 2026 |
| Dkt. 34 | Certificate of Mailing, filed July 7, 2026 |
| Dkt. 35 | Debtor's Motion for an Injunction Pending Appeal Restoring the Protections of the Automatic Stay as to The Regents of the University of Michigan, filed July 8, 2026 |



CLAUDE
FABLE 5
by Anthropic, PBC

| | |
|---|---|
| Dkt. 36 | Declaration of Nadja Yang in Support of Debtor's Motion for an Injunction Pending Appeal, with Exhibits 1 and 2, filed July 8, 2026 |
| Dkt. 37 | Notice of Motion and Opportunity for Hearing, filed July 8, 2026 |
| Dkt. 41 | Certificate of Mailing, filed July 13, 2026 |
| Dkt. 42 | Order Denying Motion to Alter or Amend Order Dismissing Case, entered July 13, 2026 |
| Dkt. 45 | Certificate of Service, filed July 16, 2026 |
| Dkt. 48 | Notice of Change of Address, filed July 31, 2026 |

## II. Items the Rule Includes Without Designation

Under Fed. R. Bankr. P. 8009(a)(4), the record on appeal also includes, without designation, the docket entries kept by the bankruptcy clerk, the notice of appeal, the orders being appealed, and any opinion, findings of fact and conclusions of law relating to the issues on appeal.

## III. Sealed Documents; Docket 10

The Appellant designates all documents submitted under seal in this case: the Declaration lodged under seal with the Motion to Redact Previously Filed Document (Dkt. 7), together with its exhibits, identified without revealing confidential information. A sealed document may be sent as part of the record only on a motion in the district court to accept it under seal. Fed. R. Bankr. P. 8009(f)(2).

The Renewed Ex Parte Motion for Protective Order (Dkt. 10), seeking relief under 11 U.S.C. § 107(c)(1), was pending when the case was dismissed. The Order of July 13, 2026 recites that the Debtor's Rule 9023 motion sought an order granting it, Order (Dkt. 42) at 1, and denied that motion for lack of jurisdiction.



CLAUDE FABLE 5 by Anthropic, PBC

The disposition of Dkt. 10 is accordingly among the questions the appeal presents. *See* Statement of the Issues, filed herewith.

The Appellant designates the Voluntary Petition (Dkt. 1) because it is the document in which venue was elected, and Dkts. 7, 8, and 10 because they present the protective-order question, without prejudice to the relief requested in Dkt. 10.

Dated: August 12, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Debtor and Appellant, *pro se*

Co-authored-by: Claude Fable 5 <noreply@anthropic.com>

Reviewed-by: Nadja Yang <nadja@njy.dev>

Signed-off-by: Nadja Yang <nadja@njy.dev>

NADJA YANG
200 E LIBERTY ST LBBY UNIT 7760
ANN ARBOR MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Debtor and Appellant *pro se*

FILED
AUG 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 26-30507 WJL<br>Chapter 7<br>Appeal No. 3:26-cv-07259-WHO<br>The Honorable William J. Lafferty III |
| NADJA YANG,<br>*Appellant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Appellee.* | **APPELLANT'S STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL**<br>Fed. R. Bankr. P. 8009(a)(1)(A) |

Appellant Nadja Yang, the debtor, states the issues to be presented on appeal from the Order Dismissing Case for Improper Venue (Dkt. 24), entered June 24, 2026 ("Dismissal Order"), and the Order Denying Motion to Alter or Amend Order Dismissing Case (Dkt. 42), entered July 13, 2026 ("Reconsideration Order"). The appeal is docketed as No. 3:26-cv-07259-WHO.



CLAUDE FABLE 5 by Anthropic

1. Whether the bankruptcy court misread 28 U.S.C. § 1408(1), which lays venue where the debtor's "domicile, residence, principal place of business in the United States, or principal assets in the United States" have been located for the statutory period, when it dismissed on the stated ground that "an individual debtor is required to have resided for at least 180 days in the district in which she elects to file her bankruptcy petition." Dismissal Order at 1.

2. Whether the principal-assets alternative of § 1408(1) is available to a debtor who is an individual, the statute reaching "the person or entity that is the subject of such case" and 11 U.S.C. § 101(41) defining "person" to include an "individual," where the Dismissal Order proceeds on the contrary premise: "Assuming that the proper venue for consumer bankruptcy would be where the debtor's assets are located, which is not the case, Debtor would apparently fail that test as well." Dismissal Order at 2.

3. Whether the situs of a debtor's deposit accounts under § 1408(1) is fixed by the address the depository institution's organization certificate designates for "its operations of discount and deposit," 12 U.S.C. § 22, and by the institution's "corporate headquarters," Dismissal Order at 2 & n.1 — the inquiries that determine the bank's own citizenship, 28 U.S.C. § 1348 — or instead by the "common sense appraisal of the requirements of justice and convenience in particular conditions" that *Montana v. Blixseth (In re Blixseth)*, 484 B.R. 360, 367 (B.A.P. 9th Cir. 2012), prescribes for locating intangible property, an authority neither order cites.



CLAUDE
FABLE 5
by Anthropic,

4. Whether the case could be dismissed upon a determination the court declared itself unable to make: the Dismissal Order states that "[w]ithout the required schedules and documents, the Court cannot determine where Debtor's assets are located," then resolves the question by the bank's address: "the bank where she claims to have her assets is not located in San Francisco, but in Utah." Dismissal Order at 2. It did so without briefing or an evidentiary record, while the Debtor's motion to extend the time to file those schedules (Dkt. 20) awaited decision.

5. Whether the dismissal complied with Fed. R. Bankr. P. 1014(a)(2), which permits dismissal of a petition filed in an improper district "under the same procedures as stated in" Rule 1014(a)(1) — "only after a hearing on notice to the petitioner, United States trustee, and other entities as the court orders" — and with procedural due process, where no hearing was noticed, none was held, and no notice of the court's intention preceded the order. *See Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870 (B.A.P. 9th Cir. 2004) ("the concept of procedural due process requires a notice and an opportunity to be heard").

6. Whether the dismissal complied with the rule's further condition that dismissal or transfer rest "on the same grounds" as Rule 1014(a)(1) states, the interest of justice or the convenience of the parties, where neither order makes a finding on either, and dismissal, unlike transfer, extinguished the commencement date of the case and the automatic stay that ran from it.

7. Whether improper venue, an objection waived when no timely motion raises it, *see* Fed. R. Bankr. P. 1014 advisory committee's note to 1987 amendment, could support dismissal in a case where no party in interest objected: not the United States Trustee, not the Chapter 7 trustee, not the sole scheduled creditor.



CLAUDE FABLE 5 by Anthropic,

8. Whether a timely motion under Fed. R. Bankr. P. 9023 may be denied "for lack of jurisdiction" upon the divestiture worked by "a pending appeal," Reconsideration Order at 1–2, where under Fed. R. Bankr. P. 8002(b)(2) the notice of appeal — filed the same day, and expressly so providing — "becomes effective when the order disposing of the last such remaining motion is entered," so that the motion's pendency was the reason no appeal was pending.

9. Whether recitals that the court "is not persuaded" it should defer, would grant on remand, or that the motion raises a substantial issue, Fed. R. Bankr. P. 8008, can substitute for adjudication of a motion the same order holds the court without jurisdiction to decide.

10. Whether the court erred in holding that it "lacks the jurisdiction to entertain any motions filed post dismissal," Reconsideration Order at 2, as applied to the Debtor's motion under Fed. R. Bankr. P. 8007(a)(1)(C) for an injunction pending appeal (Dkt. 35) — relief for which "[o]rdinarily, a party must move first in the bankruptcy court," Rule 8007(a)(1), on a motion that "may be filed either before or after the notice of appeal is filed," Rule 8007(a)(2), and which expressly left the Dismissal Order undisturbed — and in stating that such relief "must be initiated through the commencement of an adversary proceeding." Reconsideration Order at 2.

11. Whether the Renewed Ex Parte Motion for Protective Order (Dkt. 10), under 11 U.S.C. § 107(c)(1), pending at dismissal and renewed in the Rule 9023 motion, Reconsideration Order at 1, was erroneously left undecided, or, insofar as the jurisdictional denial disposed of it, erroneously denied.

12. Whether the orders should be reversed and the case reinstated as of its commencement on June 8, 2026, or the case transferred under Rule 1014(a)(2) to a district in which venue lies.

13. All further issues fairly comprised within the orders identified in the Notice of Appeal (Dkt. 29) or presented by the record on appeal.



CLAUDE FABLE 5 by Anthropic, PBC

Dated: August 12, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Debtor and Appellant *pro se*

Co-authored-by: Claude Fable 5 <noreply@anthropic.com>

Reviewed-by: Nadja Yang <nadja@njy.dev>

Signed-off-by: Nadja Yang <nadja@njy.dev>

NADJA YANG
200 E LIBERTY ST LBBY UNIT 7760
ANN ARBOR MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Debtor and Appellant *pro se*

FILED
AUG 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 26-30507 WJL<br>Chapter 7<br>Appeal No. 3:26-cv-07259-WHO<br>The Honorable William J. Lafferty III |
| NADJA YANG,<br>*Appellant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Appellee.* | **CERTIFICATE THAT NO TRANSCRIPT WILL BE ORDERED**<br>Fed. R. Bankr. P. 8009(b)(1)(B) |

Appellant Nadja Yang, the debtor, certifies under Fed. R. Bankr. P. 8009(b)(1)(B) that she is not ordering a transcript of any proceeding in this case. Part 2A of the Notice of Appeal, dated June 25, 2026 and filed June 29, 2026, stated: “No transcript is required; no oral proceedings were held. See Fed. R. Bankr. P. 8009(b)(1)(B).”



CLAUDE FABLE 5
by Anthropic, PBC

No oral proceeding was held. The Order Dismissing Case for Improper Venue (Dkt. 24) was entered on the court's own initiative without a hearing; the Motion to Alter or Amend (Dkt. 28) was decided on the papers by the Order entered July 13, 2026 (Dkt. 42); and the meeting of creditors under 11 U.S.C. § 341(a), continued to August 4, 2026, was not held, the case having been dismissed on June 23, 2026.

The appeal challenges no finding as unsupported by or contrary to the evidence. *See* Fed. R. Bankr. P. 8009(b)(5).

Dated: August 12, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Debtor and Appellant *pro se*

```
Co-authored-by: Claude Fable 5 <noreply@anthropic.com>
Reviewed-by: Nadja Yang <nadja@njy.dev>
Signed-off-by: Nadja Yang <nadja@njy.dev>
```



CLAUDE FABLE 5 by Anthropic, PBC