No. 3:26-cv-07259-WHO
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re NADJA YANG,

*Debtor.*

NADJA YANG,

*Appellant,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN, et al.,

*Appellees.*

On Appeal from the United States Bankruptcy Court
for the Northern District of California
Case No. 26-30507 WJL
Honorable William J. Lafferty III

# SPECIALLY APPEARING APPELLEE'S RESPONSE BRIEF

Robert C. Folland (pro hac vice)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215
Telephone: (614) 628-1429
rob.folland@btlaw.com

Amy C. Poyer, SBN 277315
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
amy.poyer@btlaw.com

Attorneys for Specially Appearing Appellee
Regents of the University of Michigan

# TABLE OF CONTENTS


Page

I. Introduction ... 3

II. Statement of the Case ... 4

III. Summary of Argument ... 6

IV. Argument ... 7

A. The University's appearance is limited. ... 7

B. The Debtor's proffer does not establish that her deposits are located in this district. ... 7

1. Section 1408 requires a connection to the asset itself. ... 7

2. The asserted corporate, contractual, and regulatory connections do not locate this account. ... 9

C. Any procedural error should be treated as harmless on the Debtor's stated proffer. ... 11

1. A notice-and-hearing defect is subject to a prejudice inquiry. ... 11

2. The Court can evaluate the stated proffer without making new findings. ... 13

3. The stated proffer does not show that the hearing would have affected the choice of disposition. ... 15

D. Any remand should leave venue and disposition to the bankruptcy court. ... 16

V. Conclusion ... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariz. All. for Retired Ams. v. Mayes*, 186 F.4th 622 (9th Cir. 2026) (en banc) .......17

*Barnhill v. Johnson*, 503 U.S. 393 (1992) .......8

*Benzeen Inc. v. U.S. Tr. (In re Benzeen Inc.)*, No. CC-18-1185-FLS (B.A.P. 9th Cir. Mar. 6, 2019) .......12

*In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802 (9th Cir. 1991) .......13, 14, 15, 16

*In re Multi-Color Corp.*, 2026 WL 735405 (Bankr. D.N.J. Mar. 16, 2026) .8, 10, 14

*In re Nichols*, 10 F.4th 956 (9th Cir. 2021) .......12

*Krechman v. Cnty. of Riverside*, 723 F.3d 1104 (9th Cir. 2013) .......17

*Montana v. Blixseth (In re Blixseth)*, 484 B.R. 360 (B.A.P. 9th Cir. 2012) .......7, 8

*Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032 (9th Cir. 2015) .......17

*Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000) .......12

*Office Depot, Inc. v. Zuccarini*, 596 F.3d 696 (9th Cir. 2010) .......8, 9

*Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008) .......11, 12, 13

*Tennant v. Rojas (In re Tennant)*, 318 B.R. 860 (B.A.P. 9th Cir. 2004) .......12, 13

**Statutes**

28 U.S.C. § 84(b) .......10

28 U.S.C. § 1408 .......4, 6, 7, 9, 12, 14

**Rules**

Fed. R. Bankr. P. 1014 .......11, 15, 16, 18

Fed. R. Bankr. P. 8002 .......14, 15

Fed. R. Bankr. P. 9005 .......6, 11, 12, 13

Fed. R. Bankr. P. 9023 .......5, 14, 15

Fed. R. Civ. P. 61 .......11, 12

## I. Introduction

The Regents of the University of Michigan (the "University") did not seek or participate in the dismissal of this bankruptcy case. The Debtor named the University as an appellee, and it appears specially to respond. (Bankr. Dkt. 29 at 3.) The University supports affirmance.

The Debtor lives in Michigan. (Bankr. Dkt. 1 at 2.) Her asserted basis for venue in this district is her deposit account with SoFi Bank, N.A., whose parent is headquartered in San Francisco. (Bankr. Dkt. 1 at 2.) Her later proffer adds the parent's direction of banking operations, California contractual terms, California branches, and San Francisco regulatory supervision. (Bankr. Dkt. 28 at 4–6.) Even accepting that proffer, the University submits that those enterprise-wide connections do not locate her particular claim against the bank in this district. Those corporate and regulatory connections differ from the practical relationship through which the bank holds and repays a customer's deposit.

The University asks the Court to resolve the appeal on that narrow ground. Assuming the lack of notice and a hearing was error, the question is whether it affected the disposition. The Debtor has identified what she would have presented, and the University submits that those facts do not establish the asserted venue. The Court can affirm without adopting the proposition that individuals may file only

where they reside, without adopting a categorical rule for locating bank deposits, and without finding that the Debtor acted in bad faith.

## II. Statement of the Case

The Debtor filed a chapter 7 petition on June 8, 2026. (Bankr. Dkt. 1 at 1.) She listed her residence in Ann Arbor, Michigan, with a mailing address in New York. (Bankr. Dkt. 1 at 2.) Asked why she chose this district, she checked "I have another reason" and wrote: "Debtor's 'principal assets' are deposits at SoFi Bank, N.A., a WOS of NASDAQ: SOFI, headquartered in San Francisco." (Bankr. Dkt. 1 at 2.)[1]

On June 23, 2026, the bankruptcy court signed an order dismissing the case for improper venue, which was entered the next day. (Bankr. Dkt. 24.) The order stated that "[u]nder 28 U.S.C. § 1408, an individual debtor is required to have resided for at least 180 days in the district in which she elects to file her bankruptcy petition." (*Id.* at 1.) It added that, "[a]ssuming that the proper venue for consumer bankruptcy would be where the debtor's assets are located, which is not the case, Debtor would apparently fail that test as well." (*Id.* at 2.) Her schedules had not yet been filed, and she had moved for more time to file them; without them, the court said, it could not

---

[1] "Bankr. Dkt." refers to entries in Case No. 26-30507 WJL, and "Br." to the Debtor's opening brief (appeal ECF No. 8). The Debtor designated the entire bankruptcy record, and each entry cited here, for the record on appeal. (Bankr. Dkt. 29 at 1; Bankr. Dkt. 51 at 2–4.)

determine where her assets were located. (*Id.*) It concluded that her reference to the parent's San Francisco headquarters "is technically correct, but the bank where she claims to have her assets is not located in San Francisco, but in Utah." (*Id.* at 2 & n.1.)

On June 29, the Debtor moved to alter or amend the order under Rule 9023 and filed a notice of appeal. (Bankr. Dkts. 28, 29.) The motion described facts she said a hearing would have shown. (Bankr. Dkt. 28 at 4–6.) She applied from Ann Arbor under terms of use covering "Social Finance, LLC and any and all of its subsidiaries and affiliates," including SoFi Bank, and those terms select California law and the state and federal courts in San Francisco County. (Bankr. Dkt. 28 at 4–6.) SoFi has no customer-facing facility in Ann Arbor or Utah; three of the bank's four FDIC-listed offices are in California; and its Utah main office is not a customer-facing branch. (*Id.*) The FDIC supervises the bank through its San Francisco regional office, and the bank is in the Federal Reserve's Twelfth District. (*Id.* at 6.) The parent, she alleged, "directs, controls, and coordinates all banking operations from San Francisco." (*Id.*)

On July 13, the bankruptcy court denied the motion on the stated ground that it lacked jurisdiction because of the pending appeal. (Bankr. Dkt. 42 at 1–2.) It stated that it was not persuaded it would grant the motion on remand or that the motion

raised a substantial issue, and that it "declines to entertain any further requests for relief in this matter." (*Id.* at 2.)

## III. Summary of Argument

Section 1408(1) makes the location of principal assets an independent basis for venue. The University assumes for this appeal that the Debtor's deposits were her principal assets, although the truth of this claim is far from certain. For the purposes of this appeal, the issue is their location, not their value or whether an individual may invoke the location of assets as a statutory ground for jurisdiction. The bank's debt to the Debtor must be located through the practical account relationship. The parent's headquarters and direction of the banking enterprise, general website and services terms, branches outside this district, and regional regulators do not, separately or together, identify this district as the place where her deposit is maintained or repayable.

Rule 9005 makes harmless-error review applicable in bankruptcy proceedings. The University submits that the Debtor's stated proffer supplies no legally sufficient basis for continuing this case here and that she has not shown how the omitted hearing would have produced a different disposition. Her post-dismissal submission is relevant to that prejudice inquiry; it is not a substitute for the hearing or a basis for new appellate fact finding. If the Court concludes that further factual development or consideration of transfer is necessary, any remand should leave

those questions to the bankruptcy court. It should not declare venue proper, reassign the case, or bar court-initiated transfer. The University requests affirmance of both the dismissal order and the order denying the motion to alter or amend, on the grounds developed below.

## IV. Argument

### A. The University's appearance is limited.

The University did not procure the dismissal. (Bankr. Dkt. 29 at 3.) It appears specially to respond to the Debtor's opening brief, reserves all rights, defenses, and immunities, including Eleventh Amendment immunity, and does not consent to jurisdiction for any other purpose. It takes no position here on any claim the Debtor asserts against it.

### B. The Debtor's proffer does not establish that her deposits are located in this district.

#### 1. Section 1408 requires a connection to the asset itself.

Venue lies where the debtor's "domicile, residence, principal place of business in the United States, or principal assets in the United States" were located during the 180 days before filing, or for a longer part of that period than in any other district. 28 U.S.C. § 1408(1). These are alternative bases. *Montana v. Blixseth (In re Blixseth)*, 484 B.R. 360, 365 (B.A.P. 9th Cir. 2012). The University assumes for the purposes of this briefing that the Debtor's deposits were her principal assets and does

not rely on Michigan residence to foreclose the principal-assets ground. (*See* Br. 21–27.)

A deposit is a claim against the bank for the account balance. *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992). The bank here is SoFi Bank, N.A., which the Debtor distinguishes from its parent, SoFi Technologies, Inc. (Bankr. Dkt. 1 at 2; Br. 18.) The relevant asset is therefore her claim against the bank, not an interest in the parent's business.

For intangible property, "the selection of a situs for intangibles must be context-specific." *Office Depot, Inc. v. Zuccarini*, 596 F.3d 696, 702 (9th Cir. 2010). *Office Depot* located domain names where the registry controlling them was located. *Id.* at 703. *Blixseth* located interests in Nevada entities in Nevada because Nevada law governed those interests and proceedings there were necessary to reach them. 484 B.R. at 366–71. Both decisions examined the legal and practical attributes of the particular property.

The deposit-account decision on which the Debtor relies likewise examines "the practical relationship between the debtor and the depository institution." *In re Multi-Color Corp.*, No. 26-10910 (MBK), 2026 WL 735405, at *7 (Bankr. D.N.J. Mar. 16, 2026). It identifies where the account was opened, where the depository branch maintains it, and where the funds are subject to withdrawal and control as relevant locations. *Id.* The accounts there were opened at a New Jersey branch; their

deposit agreement selected New Jersey law; the branch was the designated beneficiary bank for wires; and the routing numbers corresponded to that institution. *Id.* at *7–8. Those facts were sufficient to locate the accounts. They are not mandatory elements that every digital account must satisfy, but they illustrate the account-specific inquiry that section 1408 requires.

**2. The asserted corporate, contractual, and regulatory connections do not locate this account.**

The University accepts the Debtor's factual proffer for purposes of this argument. She applied for the account from Ann Arbor through the SoFi platform and alleges that the parent "directs, controls, and coordinates all banking operations from San Francisco." (Bankr. Dkt. 28 at 4–6.) Corporate direction of the enterprise does not necessarily identify the place at which the bank maintains or must satisfy its deposit obligation to her. Unlike the registry's direct control over the domain names in *Office Depot*, the proffer describes the parent's direction and control of banking operations, but identifies no arrangement placing this deposit obligation in San Francisco. The University submits that section 1408 should not locate every customer's deposit at the parent's headquarters merely because banking operations are directed there.

The terms of use add a contractual connection, but do not resolve the statutory question. The Debtor says those terms cover SoFi Bank and the services through

which she opened her account, select California law, and provide for disputes in San Francisco County. (Bankr. Dkt. 28 at 4–6.) Accepting those assertions, a forum for disputes under the service terms is not itself a designated place where the bank holds or repays the account balance. Nor does a statewide choice of law select this federal district. *Multi-Color* considered the governing-law provision together with the actual account-opening branch, wire instructions, and routing information. 2026 WL 735405, at *7–8. Its discussion does not make a general contractual choice of California law dispositive of bankruptcy venue in the Northern District.

The remaining connections concern the bank as an institution. The three California offices the Debtor identifies are in Sacramento, Live Oak, and Yuba City, outside this district. (Bankr. Dkt. 28 at 5–6.) *See* 28 U.S.C. § 84(b). The FDIC's San Francisco regional supervision and the Federal Reserve's Twelfth District identify regulators, not the place where her deposit obligation is performed. (Bankr. Dkt. 28 at 6.) And the absence of a customer-facing office in Utah does not establish that the account is maintained in San Francisco. The University relies on the distinction between the bank and its parent, not a categorical rule that a national bank's charter address determines every deposit's situs.

These facts should be considered together, but their combination does not change what they describe: corporate direction, general contract terms, and regulation of the institution, rather than the location of this customer's asset. The

University therefore submits that the asserted connections are legally insufficient to establish venue in this district. This argument does not rest on a finding that the proffer is false, on the account's small value, or on a requirement that a digital bank have a physical branch in the district.

### C. Any procedural error should be treated as harmless on the Debtor's stated proffer.

#### 1. A notice-and-hearing defect is subject to a prejudice inquiry.

Rule 1014(a)(2) permits dismissal or transfer of a case filed in an improper district under the procedures in Rule 1014(a)(1), including a hearing on notice to the petitioner and the United States trustee. Fed. R. Bankr. P. 1014(a)(1)(B), (a)(2). The University does not argue that silence by creditors waived the court's express authority to raise venue on its own. Nor does it ask the Court to disregard the hearing requirement. Assuming that the procedure employed was erroneous, the consequence remains subject to harmless-error review.

Bankruptcy Rule 9005 incorporates Civil Rule 61, which directs courts to disregard errors that do not affect substantial rights. Fed. R. Bankr. P. 9005; Fed. R. Civ. P. 61. In *Rosson v. Fitzgerald (In re Rosson)*, the Ninth Circuit applied those rules even though the debtor had not received a meaningful hearing and his motion for reconsideration had been considered under an unduly restrictive standard. 545 F.3d 764, 775–77 (9th Cir. 2008), *abrogated on other grounds as recognized by In*

*re Nichols*, 10 F.4th 956, 962 (9th Cir. 2021). The debtor identified no explanation that could have affected the ruling, so the procedural defect did not require reversal. *Rosson*, 545 F.3d at 776–77. *Nichols* rejected the separate holding that bad faith could defeat a chapter 13 debtor's statutory right to voluntary dismissal; the University relies here on the prejudice analysis under Rules 9005 and 61. 10 F.4th at 960–64.

The University recognizes the limit illustrated by *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466–71 (2000). There, a person was added to a case and subjected to an existing judgment without an opportunity to defend. An appellate prediction that his defenses would fail could not replace that opportunity. *Id.* at 471. Here, the proposed basis for affirmance is not a prediction about evidence the Debtor might offer. Her motion identifies the facts she says the omitted hearing would have established, and the University accepts them for this argument. (Bankr. Dkt. 28 at 4–6.) The question is their legal significance under section 1408.

The hearing decisions the Debtor cites reinforce the procedural requirement. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870–71 (B.A.P. 9th Cir. 2004), distinguishes dismissal for a previously noticed failure to file required forms from dismissal involving substantive issues. *Benzeen Inc. v. U.S. Tr. (In re Benzeen Inc.)*, No. CC-18-1185-FLS, slip op. at 9–13 (B.A.P. 9th Cir. Mar. 6, 2019), vacated a dismissal entered without adequate notice and without considering the estate's and

creditors' interests, even though dismissal might ultimately be inevitable. *Tennant* also rejected Rule 9005 as a vehicle for vacating the dismissal, explaining that dismissal affected the debtor's substantial right to file a chapter 13 petition. 318 B.R. at 866 n.4. That discussion concerned the debtor's motion for relief from the order; the later circuit decision in *Rosson* expressly applied Rule 9005 to appellate review of a hearing defect. The University does not ask the Court to excuse notice merely because dismissal appears inevitable. It asks the Court to apply *Rosson*'s separate prejudice inquiry to the facts the Debtor says she would have presented, accepting those facts rather than predicting that disputed evidence would go against her. Whether the omitted hearing could have affected dismissal rather than transfer is addressed separately below.

**2. The Court can evaluate the stated proffer without making new findings.**

An appellate court cannot supply missing findings on a material factual question. *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804–05 (9th Cir. 1991). *Hall* also permits resolution of a purely legal issue fully supported by the record. *Id.* at 804. An affirmance may rest on any ground fairly supported by the record. *Rosson*, 545 F.3d at 777. The University asks the Court to take the latter course: accept the asserted corporate control and contractual relationship, then conclude that those facts

do not locate the deposit here. No finding about an unproved servicing office or the actual location of the bank's records is necessary to that argument.

This approach does not shift the burden of proving improper venue merely because the Debtor is the appellant. *Multi-Color* places that burden on the venue challenger. 2026 WL 735405, at *2, *10. The University instead relies on the Debtor's Michigan residence, the identified bank-parent distinction, and the legal character of every California connection she proffers. (Bankr. Dkt. 1 at 2; Bankr. Dkt. 28 at 4–6.) On the University's reading of section 1408, those accepted facts leave no basis for the asserted venue. If the Court instead concludes that the alleged operational control or account terms raise a material situs question, *Hall* requires that question to be decided on remand. That possibility does not prevent the University from urging the legal conclusion supported by its reading of the record.

The University also does not treat the July 13 order as a merits adjudication or a cure for the omitted hearing. The bankruptcy court denied the Rule 9023 motion on the stated ground that it lacked jurisdiction. (Bankr. Dkt. 42 at 1–2.) The Debtor filed her Rule 9023 motion five days after entry of the dismissal order, within the rule's 14-day deadline. (Bankr. Dkts. 24, 28.) Under Rule 8002(b)(2), her notice of appeal did not become effective until the court entered the order disposing of that timely motion. The University therefore does not defend the July 13 order's premise that the pending appeal deprived the bankruptcy court of authority to decide the

motion. Fed. R. Bankr. P. 8002(b)(1)(B), (b)(2), 9023(b). The motion matters here because it states the Debtor's proffer. If the Court accepts the University's venue and prejudice arguments, it should affirm both the dismissal and the denial of reconsideration on those grounds, without endorsing the July 13 order's jurisdictional premise.

**3. The stated proffer does not show that the hearing would have affected the choice of disposition.**

Rule 1014(a)(2) permits either dismissal or transfer when venue is improper, and the choice is reviewed for abuse of discretion. *Hall*, 939 F.2d at 805–06. Improper venue alone does not make dismissal inevitable. A hearing may bear on whether transfer serves the interest of justice, so harmlessness must extend to that choice as well as to the venue question.

The Debtor seeks continuation of this case in this district and reserves opposition to any party's motion to transfer. (Br. 30–34.) Her stated convenience arguments concern her preference for Northern California and the availability of remote proceedings there. (Br. 31–33.) Those arguments address her preference to remain here, rather than identify a reason to preserve the case through transfer to a proper district. The University does not characterize her reservation as consent to dismissal or waiver of transfer. It submits that the appellate presentation identifies

no transfer-specific ground showing that the omitted hearing affected the choice of disposition.

The Debtor also points to pending requests for sanctions and protective relief and the consequences of ending the case. (Bankr. Dkt. 28 at 8–9.) Those concerns explain her desire to keep the case pending, but do not establish venue here. Although those interests could bear on the choice between dismissal and transfer, the University submits that the Debtor has not connected them to a concrete reason why the omitted hearing affected that choice. The University seeks affirmance of a venue dismissal, not an adjudication of those requests or a dismissal with prejudice. *See Hall*, 939 F.2d at 804. If the Court concludes that the unaddressed interests of the Debtor, the estate, or the United States trustee require a hearing on the choice between dismissal and transfer, the appropriate response is the limited remand discussed below, not the broader relief the Debtor requests.

**D. Any remand should leave venue and disposition to the bankruptcy court.**

The University requests affirmance. If the Court determines that the lack of a hearing prevents affirmance, it should remand for a hearing on notice under Rule 1014(a), leaving the bankruptcy court to decide venue and, if necessary, dismissal versus transfer under the correct standards. The Court should not declare venue

proper on this record. The University's rights, defenses, immunities, and venue objections should remain reserved.

Reassignment on remand is reserved for unusual circumstances. *Krechman v. Cnty. of Riverside*, 723 F.3d 1104, 1111–12 (9th Cir. 2013). The court considers whether the original judge would have substantial difficulty setting aside previously expressed views, whether reassignment is advisable to preserve the appearance of justice, and whether reassignment would entail waste out of proportion to any gain. *Id.* Either of the first two factors can suffice, and actual bias is not required. *Id.* at 1111–12; *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045–46 (9th Cir. 2015), *overruled on other grounds by Ariz. All. for Retired Ams. v. Mayes*, 186 F.4th 622, 634 (9th Cir. 2026) (en banc).

The record here does not meet that standard. In *Cegavske*, the judge had limited the plaintiffs' choice of out-of-state counsel shortly after the court of appeals called his comments about out-of-state lawyers in another case troubling; had dismissed the case sua sponte and without notice on a motion the defendant had withdrawn; had misread the complaint; and had denied leave to amend despite an explicit request. 800 F.3d at 1046. The Debtor relies on the erroneous venue standard, the dismissal without notice, and the July 13 order. (Br. 15–16.) Any error in the venue standard or hearing procedure can be addressed through instructions on remand. The July 13 order's statement that the court "declines to entertain any

further requests for relief" followed its statement that it lacked jurisdiction over motions filed after dismissal and its note that her other post-dismissal motions had not been served or correctly noticed. (Bankr. Dkt. 42 at 2.) Read in context, that statement does not show that the judge would refuse to apply corrected legal standards or conduct the hearing this Court directs. Those instructions would address the identified errors and preserve the appearance of justice.

Nor should the bankruptcy court be barred from considering transfer sua sponte. Rule 1014(a)(1)(A) permits the court to act "on its own or on a party in interest's timely motion," and Rule 1014(a)(1)(B) requires a hearing on notice before it does so. Notice, a hearing, and application of the correct standards will give the Debtor an opportunity to oppose any proposed transfer. The errors here do not warrant a further restriction on that authority.

## V. Conclusion

The Court should affirm the order dismissing the case and the order denying the motion to alter or amend. If it determines that further proceedings are necessary, it should remand for a hearing on notice under Rule 1014(a), without declaring venue proper, reassigning the case, or restricting the bankruptcy court's authority to consider transfer on its own initiative.

Dated: November 4, 2026

**BARNES & THORNBURG LLP**

By: /s/ Amy C. Poyer
Amy C. Poyer

Robert C. Folland (pro hac vice)

*Attorneys for Specially Appearing Appellee Regents of the University of Michigan*

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Allen, State of Indiana. My business address is 888 South Harrison Street, Suite 600, Fort Wayne, Indiana 46802.

On November 4, 2026, I caused the foregoing **SPECIALLY APPEARING APPELLEE'S RESPONSE BRIEF** to be filed with the Clerk of the Court using the CM/ECF system. On the same date, I served a true copy of the brief on Appellant, who appears pro se, by e-mail, sent from the e-mail address lisa.starks@btlaw.com to the e-mail address she lists on her opening brief:

Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor, MI 48107
nadja@njy.dev
Debtor and Appellant, pro se

I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 4, 2026, at Fort Wayne, Indiana.

/s/ Lisa D. Starks
Lisa D. Starks